## In re STAGE.

### No. B–7940.

District Court, E. D. Washington, N. D.

March 11, 1941.

LeRoy McCann, of Wenatchee, Wash., for plaintiff.

Herman Howe, of Leavenworth, Wash., and Crollard & O'Connor, of Wenatchee, Wash., for defendant.

SCHWELLENBACH, District Judge.

This matter comes on for hearing on an order to show cause issued February 26, 1941, returnable March 10, 1941, directing the Peshastin Fruit Growers Association, the Leavenworth State Bank and Chelan County to show cause why they should not be required to repay John Spiller, Referee in Bankruptcy, or to the clerk of this court the sum of $2,820 received by the Peshastin Fruit Growers Association, $1,264 received by the Leavenworth State Bank and $104 received by Chelan County. In response to the order to show cause and the petition on which such order was issued, the parties ordered to show cause have filed herein their respective answers. In the petition of bankrupt it was alleged that after the filing by the bankrupt of his petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, the condemnation proceedings had been previously instituted by the State of Washington for the purpose of condemning certain land previously owned by the petitioner, which land the State of Washington needed for the construction of a highway. The record discloses that the bankrupt appeared in that condemnation proceedings and stipulated therein as to the amount to be paid by the State of Washington for the land thus taken by the State. As a part of such stipulation was the agreement that the State should pay the total sum of $4,220 plus $45 costs and that acting under such stipulation the Superior Court of the State of Washington for Chelan County entered a decree of condemnation decreeing that the title to the property involved should be acquired by the State of Washington and

directed the State of Washington to pay such sum into the registry of the said Superior Court. That decree was entered May 18, 1940. That thereafter the bankrupt filed in said Superior Court of the State of Washington for Chelan County a petition similar to the petition filed herein praying that the sum thus paid by the State of Washington should be paid over by the clerk of said court to the Conciliation Commissioner in this cause.

That before such petition could be heard another order to show cause was issued by the Superior Court of the State of Washington for Chelan County directing all of the parties herein to appear in that court and to show cause why money in the registry of the court should not be disbursed by the court to the various parties as their interests might appear. The bankrupt abandoned his previous petition and appeared at that hearing and submitted himself to the jurisdiction of that court and presented his case to that court on July 13, 1940. That after full hearing in which the bankrupt participated the Superior Court of the State of Washington for Chelan County entered an order directing the payment of $2,900 to the Peshastin Fruit Growers Association, $104 to the Chelan County Treasurer, $1,264 to the Leavenworth State Bank and $14 to William D. Stage. Acting thereon the clerk of the Superior Court for Chelan County disbursed the funds in accordance with the above-described order. No appeal was taken from that order and no question raised concerning it until the petition on which this hearing is held was filed in this court on January 6, 1941. The net effect of this petition is to ask the court to set aside the order of the Superior Court and direct the repayment by the various parties of the sums they have received under the Superior Court order. In fact, what the petitioner now asks is that this court revive his motion filed in the state court on June 21, 1940.

■ Without passing upon the merits of the bankrupt's contention, it seems to me that even assuming the correctness of the petitioner's position, this petition must be dismissed and the order to show cause dissolved. The purpose of the Frazier Lemke Act was to protect farmers and to grant to them a moratorium on their debts. Under that act there was afforded to farmers the privilege of the protection of the jurisdiction of the federal courts. However, it was not intended by that act to afford to those who submitted themselves to the jurisdiction of the state courts an opportunity of appeal to the federal District Court. On two occasions this bankrupt submitted himself to the jurisdiction of the state court after he had sought refuge in the federal court. In the first instance he abandoned his petition and in the second instance he waited far beyond the time allowed by the statutes of the State of Washington for an appeal from the Superior Court's decision before presenting the matter to this court. The question involved in this petition must be admitted to be a novel one. There are no decisions of any court which may be used as a guide. Common sense, however, requires the holding that even under the friendly auspices of the Frazier Lemke Act a bankrupt cannot be permitted to submit himself to the jurisdiction of the state court and, failing therein, attempt to create an appellate jurisdiction in the federal District Court.

There are many other questions involved in this case, the most perplexing of which is what would the referee do with the money if it should be paid back to him. However, it seems to me that consideration of those questions is unnecessary in view of the record of the case and the opinion heretofore expressed.